UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| ROBERT W. BAIRD & CO., INCORPORATED,<br><br>        Plaintiff,<br><br>v.<br><br>NATHAN DREW RICHEY, JOSHUA J. MARSON, and ANDREW DOUGLAS BOYLES,<br><br>        Defendants. | Case No. 1:24-cv-00115-DJH |

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Robert W. Baird & Co., Incorporated ("**Baird**"), by counsel, respectfully moves this Court for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. As grounds for this Motion, Baird states as follows:

**INTRODUCTION**

1. Baird filed its Complaint for Injunctive Relief (ECF 1) ("**Complaint**") on September 12, 2024.

2. As explained in its Complaint, Baird seeks injunctive relief to remedy a variety of harms caused by the unlawful conduct of Nathan Drew Richey ("**Richey**"), Joshua J. Marson ("**Marson**"), and Andrew Douglas Boyles ("**Boyles**" and collectively "**Defendants**").

3. More specifically, Baird first learned in or around July 31, 2024 that Defendants were in breach of various provisions of a retirement agreement ("**Retirement Agreement**") to which Defendants and Baird were parties. The terms of the Retirement Agreement require that Defendants not solicit certain Baird accounts, and that Defendants not take confidential information from Baird related to certain Baird accounts. However, when Defendants resigned on

July 31, 2024 to join a competitor, Defendants took confidential information and solicited these accounts in violation of the Retirement Agreement.

4. Defendants' unlawful conduct is ongoing and has not ceased or been deterred, despite clear notice of Baird's demands and legal claims.

5. If Defendants continue their conduct and are successful in effectuating their scheme, Baird expects to lose accounts, suffer reputational and business harm to its vendor relationships, and lose the value of its trade secrets.

6. Accordingly, unless Defendants are immediately restrained and enjoined from their collective and respective conduct, and Baird is granted relief as requested, Baird will be irreparably injured and is likely to incur:

    a. Substantial and severe loss of profits now and indefinitely in the future; and

    b. Loss of goodwill of customers and vendors; and

    c. Loss of competitive advantage; and

    d. Diminishment of market position.

7. Baird is likely to succeed on the merits of its claims.

8. Defendants' wrongful conduct is actionable and Baird's rights are clear.

9. Baird has no adequate remedy at law.

10. Defendants will not suffer any injury if the requested relief is granted because they each respectively remain free to engage in their business and industries and are rather only prohibited from engaging in conduct that they already are either contractually prohibited from engaging in or that is simply unfair and contrary to the public interest.

11. A Preliminary Injunction, is of critical importance and necessary to stop irreparable harm to Baird. Per such orders:

      a.      Defendants should be ordered to cease misappropriating, and never in the future misappropriate, directly or indirectly, Baird's confidential information, proprietary information, or trade secrets as to the Retirement Agreement Accounts; and

      b.      Defendants should be ordered to cease soliciting all Retirement Agreement Accounts;

A Memorandum in Support of Baird's Motion is filed herewith.

WHEREFORE, Plaintiff Robert W. Baird & Co., Incorporated respectfully requests that this Honorable Court:

1. Enter a Preliminary Injunction against Defendants, and all other persons acting in concert with Defendants;

2. Issue any and such further relief as the Court deems necessary.

                                                              Respectfully submitted,

| | |
|---|---|
| SHUMAKER, LOOP & KENDRICK, LLP<br>240 South Pineapple Avenue<br>Post Office Box 49948<br>Sarasota, Florida 34230-6948<br>(941) 366-6660<br>(941) 366-3999 (fax)<br><br>By: /s/ Jarrod J. Malone<br>    Michael S. Taaffe, Esq.<br>    Fla. Bar No. 490318 (pro hac vice pending)<br>    Jarrod J. Malone, Esq. Fla. Bar No. 10595<br>    (pro hac vice pending)<br>    Jeremy M. Halpern, Esq. Fla. Bar No. 85942<br>    (pro hac vice pending)<br>    James E. Fanto, Esq. Fla. Bar No. 1004144<br>    (pro hac vice pending) | DENTONS BINGHAM GREENEBAUM LLP<br>3500 PNC Tower<br>101 S. Fifth Street<br>Louisville, KY 40202<br>(502) 587-3543<br>(502) 540-2199 (fax)<br><br>By: /s/ Aaron W. Marcus<br>    Aaron W. Marcus (KBA # 96178)<br>    aaron.marcus@dentons.com |

*Attorneys for Plaintiff, Robert W. Baird & Co. Incorporated*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served on September 17, 2024 on all CM-ECF Counsel of Record and via U.S. Mail on Defendants as follows:

    Nathan D Richey
    385 OJ Edmonds Road
    Alvaton, KY 42122

    Joshua Marson
    900 Smith Ct.
    Bowling Green, KY  42103

    Andrew Boyles
    5369 Amber Creek Lane
    Bowling Green, KY 42101

                                          */s/ Aaron W. Marcus*
                                          COUNSEL FOR PLAINTIFF